**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAIME PEREZ,

       **Plaintiff,**

v.                                   **Case No. 10-CV-134 JEC/RLP**

DAVE BROWN, JAMES RASP,
SARAH VALDEZ, JERALD J.
ARCHIBEQUE, DARRELL RUBIO,
and TERESA MEZA,

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. 4), filed March 10, 2010 ("Motion"). Having reviewed the parties' submissions and being otherwise fully informed, the Court finds the Motion is well-taken and should be granted.

**I.      FACTUAL BACKGROUND**

Plaintiff filed suit in New Mexico state court on November 6, 2009, alleging that Defendants—all six of whom are probation officers employed by the State of New Mexico—violated his civil rights. Defendants filed their Notice of Removal in this court on February 12, 2010. Plaintiff argues the removal was untimely, given that each of the six Defendants was served with his Complaint in November 2009.

**II.     LEGAL STANDARD**

Federal law sets forth the procedure for removing a case to federal court from state court. Defendants desiring removal are to file a notice, "containing a short and plain statement of the grounds for removal" in the federal court. 28 U.S.C. § 1446(a).

The notice of removal of a civil action or proceeding shall be filed

> within thirty days after the receipt by the defendant, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim for relief ....

28 U.S.C.§ 1446(b).

"[R]emoval statutes are to be strictly construed, with all doubts resolved against removal." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005). Indeed, "[a]ll doubts are to be resolved against removal." *Farmland Nat'l Beef Packing Co., LP v. Stone Container Corp.*, 98 Fed.Appx. 752, 756 (10th Cir. 2004) (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982)).

In 1999, the Supreme Court clarified that formal service of process is required in order to trigger the 30-day time limit for removal. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

For New Mexico state courts, where Plaintiff's lawsuit was filed prior to removal, formal service of process is achieved upon individuals by delivering a copy of the summons and complaint to the individual personally. Rule 1-004(F)(1)(a) NMRA 2010. In this case, Plaintiff filed returns of service indicating that he personally served Defendant Darrell Rubio on November 22, 2009; Defendant Teresa Meza on November 19, 2009; Defendant David Brown on November 16, 2009; Defendant James Rasp on November 10, 2009; Defendant Sarah Valdez on November 10, 2009; and Defendant Jerald J. Archibeque on November 10, 2009. *Notice of Removal* (Doc. 1) at Ex. B.

Service of process is effected upon the State of New Mexico or its political subdivisions,

however, as follows:

> in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee and to the attorney general.

Rule 1-004(H)(1)(c) NMRA 2010.  Here, copies of the summonses and complaint were not provided to the New Mexico Attorney General until February 8, 2010—nearly sixty days after Plaintiff served the individual defendants.  *Notice of Removal* (Doc. 1) at Ex. D.  A New Mexico statute provides, similar to Rule 1-004(H)(1)(c), that "[i]n any action in which the state of New Mexico is named as a party defendant, service of process shall be made by serving a copy of the summons and complaint on the governor and on the attorney general."  NMSA 1978, § 38-1-17(A).

## III.    DISCUSSION

The question in this case is whether proper service requires delivery of the summons and complaint to the New Mexico Attorney General.  From Plaintiff's perspective, he has not named the State of New Mexico or one of its political subdivisions as a defendant in this case.  The Defendants are employees of the state, however, and they are alleged to have acted in their official capacities at all times relevant to the Complaint.  *Notice of Removal* (Doc. 1) at Ex. A, ¶¶ 4-9.  The State of New Mexico would therefore ultimately be liable to pay any settlement or judgment in this case.  NMSA 1978, § 41-4-4(D)(2) (providing that "[a] governmental entity shall pay any settlement or any final judgment entered against a public employee for ... a violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States or the constitution and laws of New Mexico that occurred while the public employee was acting within the scope of his duty").

3

New Mexico courts have previously commented on the duty to serve the Attorney General under Rule 1-004(H)(1)(c), but have not considered the precise question at issue here. In *Trujillo v. Goodwin*, the plaintiff sued the secretary of the New Mexico Department of Taxation and Revenue, Motor Vehicle Division.  2005-NMCA-095, 138 N.M. 48, 116 P.3d 839. On appeal, the court held that the defendant department head was not properly served because the plaintiff had merely mailed the complaint, forgoing personal delivery to the department head. *Id.* at ¶ 9.  There was no mention in *Trujillo* of any effort by the plaintiff to provide service to the Attorney General.  *Id.*

In *Derringer v. Turney*, the plaintiff sought to appeal an administrative decision by the state engineer.  2001-NMCA-075, 131 N.M. 140, 33 P.3d 40.  By statute, the plaintiff faced a 30-day time limit in which to appeal the administrative decision.  NMSA 1978, § 72-7-1(B). According to the statute, "[t]he notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication in some newspaper printed in the county or water district in which the work or point of desired appropriation is situated, once a week for four consecutive weeks."  NMSA 1978, § 72-7-1(C).  The plaintiff in *Derringer* served the state engineer with the notice of appeal within the 30-day limitations period but failed to provide service to the Gttorney General in accordance with Rule 1-004(H)(1)(c).  2001-NMCA-075, ¶ 17.  Although the state engineer argued that the district court lacked jurisdiction to hear the appeal because service on the state engineer was not completed within the required time, *id.*, the Court of Appeals disagreed, noting that the parties to the appeal had actual notice and held that the district court had proper jurisdiction to hear the appeal, *id.* at ¶ 20.  In order for the district court to render judgment against the state engineer, however, the Court of Appeals held that the Attorney General would first have to be served—even if such

service occurred outside of the 30-day deadline for appeal. *Id.* at ¶ 20.

Given the strict construction of the removal statute, the Court finds that removal was untimely and will remand the case to state court. Initially, neither the State of New Mexico nor any of its political subdivisions are named defendants in this matter. By its own terms, Section 38-1-17(A) applies where "the state of New Mexico *is named as a party defendant*." Rule 1-004(H)(1)(c) similarly purports to provide a method of service "upon the state of New Mexico or a political subdivision of the state." Plaintiff's arguable neglect in failing to serve the Attorney General is therefore understandable.

*Trujillo* and *Derringer* provide further reason to remand the case in that both cases treat service upon the Gttorney General as less than critical to establish jurisdiction. Defendants argue they could not have removed this case earlier than February 10, 2010, when the Attorney General received service of the Complaint. *Resp. Opp. Pl.'s Motion to Remand to State Court* (Doc. 13), filed March 24, 2010 ("Resp.") at 3. *Derringer*, however, holds directly to the contrary. Where, as here, the actual parties had been served, service upon the Attorney General pursuant to Rule 1-004(H)(1)(c) was not necessary to confer jurisdiction. *Derringer*, 2001-NMCA-075, ¶ 20. As Defendants point out, *Derringer* occurred in the context of an appeal to district court from an administrative decision, Resp. at 4, but this distinction does not, as Defendants suggest, render *Derringer* inapposite to the present case. As in the present case, the plaintiff in *Derringer* sought to invoke the district court's jurisdiction for the first time. Also in both cases, service upon the parties was pursuant to Rule 1-004 NMRA.

Beyond this, the removal statute provides that the 30-day time limit for removal is triggered upon "receipt by the defendant" of service of process. 28 U.S.C.§ 1446(b). Here, there is no question that each of the Defendants received service in November.

## IV.     CONCLUSION

Having strictly construed the statute and having resolved all doubts against removal, as the Court is required to do, the Court finds that Defendants' removal was untimely.  Plaintiff's Motion to Remand to State Court (Doc. #4, filed March 10, 2010) is therefore GRANTED, and the case hereby remanded to New Mexico's Thirteenth Judicial District Court.

DATED May 25, 2010.

_____

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Daniel R. Baca, Esq.
Ryan J. Villa, Esq.
Albuquerque, NM

Counsel for Defendants David Brown,
James Rasp, Sarah Valdez, Jerald J.
Archibeque, and Teresa Meza:

Lisa Entress Pullen, Esq.
Josh E. Eden, Esq.
Albuquerque, NM

Counsel for Defendant Darrell Rubio:

Cody R. Rogers, Esq.
Thomas A. Sandenaw, Esq.
Las Cruces, NM

6